UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIE C. HOUGHTON,

    Plaintiff,

v.

    Case No. 1:15-cv-139
    Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
    _____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) which denied her claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff was born in 1976. PageID.225. She completed the 11th grade, had additional training at Daniels Hair Academy, and had previous employment as a hairstylist, nursing assistant, daycare worker, cashier and fast food crew member. PageID.230. Plaintiff alleged a disability onset date of February 1, 2008. PageID.225. She identified her disabling conditions as herniated disc in lower back, bi-polar disorder, anxiety, bursitis in both hips, bulging disc in back, pinched nerve in lower back, carpal tunnel syndrome in both wrists, tendonitis in both wrists, and acid reflux. PageID.229. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on August 23, 2013. PageID.83-92. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the

3

plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of February 1, 2008, and meets the insured status requirements of the Act through September 30, 2013. PageID.85. At the second step, the ALJ found that plaintiff had severe impairments of chronic lower back pain, bilateral carpal tunnel syndrome, headaches, obesity, attention deficit disorder, bipolar disorder, depression and anxiety. *Id.* At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.*

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no climbing of ladders, ropes or scaffolds, occasional climbing of ramps and stairs, and occasional balancing, stooping, kneeling, crouching and crawling. The claimant is limited to frequent bilateral gross and fine manipulation. The claimant would need to avoid concentrated exposure to extreme cold, wetness or humidity and excessive vibration, all use of moving machinery and exposure to unprotected heights. The claimant is able to perform to simple, routine, repetitive tasks and is limited to occasional interaction with co-workers, supervisors and the public.

PageID.87. The ALJ also found that plaintiff was unable to perform any past relevant work. PageID.90.

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled jobs at the light exertional level in the national economy. PageID.91-92. Specifically, plaintiff could perform the following light, unskilled jobs: office helper (4,000 jobs in Michigan,

105,000 jobs in the nation); folder (6,000 jobs in Michigan, 539,000 jobs in the nation); and, shipping and receiving clerk (1,500 jobs in Michigan, 700,000 jobs in the nation). PageID.91-92. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from February 1, 2008 (the alleged onset date) through August 23, 2013 (the date of the decision). *Id.*

### III. ANALYSIS

Plaintiff did not include a Statement of Errors as directed by the Court. *See* Notice (docket no. 8). After reviewing the brief, the Court gleans one issue on appeal.

**The ALJ improperly discounted the opinion of plaintiff's treating psychiatrist, Nancy Devine, M.D.**

A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective

medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

Dr. Devine prepared a "Residual Functional Capacity Questionnaire" dated June 4, 2013, which contained a number of serious limitations. PageID.736-740. The doctor opined that plaintiff had no useful ability to interact appropriately with the general public. PageID.739. In addition, plaintiff would be unable to meet competitive standards regarding her abilities to work in coordination with or proximity to others without being unduly distracted, complete a normal workday and workweek without interruptions from psychologically based symptoms, understand and remember detailed instructions, carry out detailed instructions, deal with stress of semiskilled and skilled work, and use public transportation. PageID.738-739. Finally, plaintiff would be seriously limited, but not precluded in a number of areas: maintain attention for two hour segment; make simple work-related decisions; perform at a constant pace without an unreasonable number and length of rest periods; ask simple questions or request assistance; accept instructions and respond

appropriately to criticism from supervisors; get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; respond appropriately to changes in a routine work setting; deal with normal work stress; set realistic goals or make plans independently of others; maintain socially appropriate behavior; and travel in unfamiliar place. *Id.* These limitations are significantly more restrictive than the ALJ's determination that plaintiff "is able to perform to simple, routine, repetitive tasks and is limited to occasional interaction with co-workers, supervisors and the public." PageID.87.

> The ALJ addressed Dr. Devine's opinion as follows:
>
> Nancy Devine, M.D., (tx psych or PCP)? noted similar conclusions as Susan Hunt, LMSW, stated above (Exh. 21F). I afford this opinion little weight because it is inconsistent with the claimant's noted mental health diagnoses, but noted improvement in her mental health condition and GAF scores primarily in the moderate range of impairment in mental health (Exh. 15F, p.1,4; 23F, p.4).

PageID.90.

This evaluation of Dr. Devine's fails to give good reasons for assigning little weight to that opinion. *See Wilson*, 378 F.3d at 545; 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2). For example, the ALJ did not classify Dr. Devine's role, i.e., "(tx psych or PCP)?". PageID.90. Nor did the ALJ address the doctor's diagnoses or limitations, medical history set forth in the opinion. PageID.736-740. The only matter addressed by the ALJ in any detail involved an interpretation of plaintiff's Global Assessment of Functioning (GAF) scores. However, this reliance on the GAF scores is not sufficient. The Sixth Circuit has stated that a GAF score "may have little or no bearing on the subject's social and occupational functioning," *Kornecky v. Commissioner of Social Security*, 167 Fed. Appx. 496, 511 (6th Cir.2006), pointing out that"[t]he GAF scale . . . does not have a direct correlation to the severity requirements in our mental disorders listings." *Oliver v.*

*Commissioner of Social Security*, 415 Fed. Appx. 681, 684 (6th Cir. 2011), quoting Response to Comment, Final Rules on Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 FR 50746, 50764–65 (Aug. 21, 2000).  As the Sixth Circuit explained in *Kennedy v. Astrue*, 247 Fed. Appx.761 (6th Cir.2007):

> GAF is a clinician's subjective rating of an individual's overall psychological functioning.  A GAF score may help an ALJ assess mental RFC, but it is not raw medical data.  Rather, it allows a mental health professional to turn medical signs and symptoms into a general assessment, understandable by a lay person, of an individual's mental functioning.

*Kennedy*, 247 Fed. Appx. at 766.  In short, there are no "statutory, regulatory, or other authority requiring the ALJ to put stock in a GAF score in the first place."  *Kornecky*, 167 Fed. Appx. at 511.  Rather, "the determination of disability must be made on the basis of the entire record and not on only some of the evidence to the exclusion of all other relevant evidence."  *Hardaway v. Secretary of Health & Human Services*, 823 F.2d 922, 927 (6th Cir.1987) (citation omitted).

Based on this record, the ALJ did not give good reasons for the weight assigned to Dr. Devine's opinion, relying almost entirely on the GAF scores.  Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner should re-evaluate Dr. Devine's opinion.

### IV.  CONCLUSION

For the reasons discussed, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner is

directed to re-evaluate Dr. Devine's opinion. A judgment consistent with this opinion will be issued forthwith.

Dated:  March 24, 2016          /s/ Ray Kent
                                       RAY KENT
                                       United States Magistrate Judge